UNITED STATES of America, Plaintiff,

v.

**Daniel Moses LONGORIA, Sr., Defendant.**

**CR No. 89–225–01–FR.**

United States District Court, D. Oregon.

Nov. 28, 1995.

Kristine Olson, United States Attorney, Frank Noonan, Assistant United States Attorney, Portland, OR, for Plaintiff.

Howard Clyman, Lake Oswego, OR, for Defendant.

## OPINION

FRYE, District Judge:

The matter before this court is the resolution of the issues on remand of the motion of the defendant, Daniel Moses Longoria, Sr., under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (# 568).

## BACKGROUND

On November 3, 1993, this court entered a judgment denying the motion of the defendant, Daniel Moses Longoria, Sr., under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody.

On March 14, 1995, the United States Court of Appeals for the Ninth Circuit filed a memorandum affirming in part and remanding in part the order of this court of November 3, 1993 denying the motion of Longoria to vacate, set aside or correct his sentence. The Court of Appeals found that there was no merit to the claim of Longoria that the government withheld *Brady* material and no merit to the claim of Longoria that the government breached its plea agreement. However, the Court of Appeals remanded the case to this court for a hearing to determine whether the decision of Longoria's counsel's not to file a notice of appeal was without Longoria's consent. The Court of Appeals noted that "[t]he district court failed to reach this issue, perhaps because it was not particularly well-articulated by Longoria in his briefs to that court." Memorandum, p. 3, n. 4. The Court of Appeals stated, however, that "[i]t is clear from the record that Longoria raised this claim below." *Id.* The Court of Appeals then cited to pages 32 through 35 of a document filed by Longoria entitled "Response to Government's Response."

On May 18, 1995, this court issued an Opinion and Order stating, in part:

In this instance, the claim by Longoria that his counsel failed to file a notice of appeal without his consent was raised by Longoria in his reply memorandum, and the government has not had the opportunity to file a response to this claim.

Prior to deciding whether to conduct an evidentiary hearing, the court requires the government to file a response to Longoria's supplemental claim to the motion under section 2255 by June 19, 1995, and will allow Longoria to file a reply by July 24, 1995. Both the government and Longoria should present any exhibits or testimony by affidavit relevant to this supplemental claim. The court will review the materials presented and thereafter determine how to proceed.

Opinion and Order, pp. 2–3 (emphasis added).

On November 2, 1995, the government filed a response to Longoria's supplemental claim stating, in part:

The defendant contends that counsel failed to file [a] notice of appeal. The defendant further contends that this failure to file the notice of appeal was without his consent.

Defense counsel has candidly admitted that notice of appeal was not timely filed. (Exhibit A). There is no contrary evidence and therefore no factual dispute which would require an evidentiary hearing.

. . . .

The government must concede based upon the facts and law in this case that the defendant is entitled to relief. The record clearly shows that he did not consent to the failure to file a notice of appeal. The

remedy would be to reinstate defendant's appeal as if timely filed.

Government's Response to Defendant's Supplemental Memorandum, pp. 1–3.

On November 7, 1995, Longoria filed a reply to the response of the government to his supplemental memorandum. In his reply, he states, in part:

> Defendant ... hereby informs the Court that defendant accepts the government's concession that he is entitled to relief on the issue of his lack of consent to the failure to file a notice of appeal....
>
> Although defendant accepts that he must prevail on the issue concerning the notice of appeal, he insists that an evidentiary hearing be held on all other issues raised in his Section 2255 Motion.

Defendant's Reply to Government's Response to Supplemental Memorandum, pp. 1–2.

## APPLICABLE LAW

■ 28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on a motion to vacate his sentence under 28 U.S.C. § 2255, unless the:

> motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner.

*United States v. Taylor,* 648 F.2d 565, 573 (9th Cir.), *cert. denied,* 454 U.S. 866, 102 S.Ct. 329, 70 L.Ed.2d 168 (1981) (internal quotations, citations and footnote omitted).

## ANALYSIS

■ The United States Court of Appeals for the Ninth Circuit has directed this court "to determine whether the failure [of Longoria's defense counsel] to file the notice of appeal was without Longoria's consent." Opinion page 834. The order of this court denying Longoria's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence was otherwise affirmed in all aspects by the Court of Appeals.

The government concedes that the failure of Longoria's counsel to file a notice of appeal after Longoria entered his plea of guilty and a judgment of conviction was entered by the court was without Longoria's consent. There are no facts in dispute which require an evidentiary hearing.

The government concedes that Longoria's right of appeal must be reinstated. Longoria has accepted this concession by the government. The court will enter an order reinstating Longoria's right to file an appeal from the judgment of conviction filed on November 6, 1990. There are no other issues remaining for resolution by this court.

## CONCLUSION

The motion of the defendant, Daniel Moses Longoria, Sr., under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed (# 568) is GRANTED in part as follows: Longoria has twenty days from the date of this opinion to file a notice of appeal from the judgment of conviction filed on November 6, 1990.

## ORDER

IT IS HEREBY ORDERED that upon remand from the United States Court of Appeals for the Ninth Circuit, the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed (# 568) is GRANTED in part as follows: the defendant has twenty days from the date of this order to file a notice of

appeal from the judgment of conviction filed on November 6, 1990.